**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| **HR STAFFING CONSULTANTS, LLC** | : | |
| **And UPSTREAM HEALTHCARE** | : | **Civil Action No. 15-3155 (KM)(JBC)** |
| **MANAGEMENT OF NEW JERSEY, LLC** | : | |
| | : | |
| | : | **OPINION** |
| **Plaintiffs,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **RICHARD BUTTS** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

**CLARK, United States Magistrate Judge**

This matter is presently before the Court on the motion of Defendant Richard Butts ("Defendant") and proposed Intervener CarePoint Health Management Associates LLC d/b/a CarePoint Health ("CarePoint") to seal: (1) Defendant's Brief in Opposition to Plaintiffs' Application for a Preliminary Injunction (Dkt. No. 19-1); (2) Declaration of Mark D. Marino, Esq., in Opposition to Plaintiffs' Application for a Preliminary Injunction (Dkt. Nos. 19-3 to 19-14); and (3) Supplemental Certification of Richard Butts in Opposition to Plaintiffs' Application for a Preliminary Injunction (Dkt. No. 19-2), pursuant to Local Rule Civil 5.3. (Dkt. No. 15). No opposition has been filed thereto. No oral argument was heard pursuant to Federal Rule of Civil Procedure 78. Upon consideration of the Defendant's submission, for the reasons set forth herein, and for good cause shown, Defendant's motion to seal is **DENIED without prejudice.** The documents at issue (Dkt. Nos. 19-1 to 19-14), however, shall remain temporarily sealed in order to afford Defendant the opportunity to file a renewed motion to seal in accordance with the Court's instruction, as set forth below.

## I.   BACKGROUND

On May 4, 2015, Plaintiffs, HR Staffing Consultants, and Upstream Healthcare Management of New Jersey, LLC ("Plaintiffs") filed a Complaint in this Court alleging that Defendant, Richard Butts, is in breach of his employment agreement with Plaintiffs. (Dkt. No.1).  On May 7, 2014, Plaintiffs filed a motion for a temporary restraining order enjoining Defendant from working for CarePoint Health.  (Dkt. No. 4).  As part of the expedited discovery exchange in advance of the hearing on Plaintiffs' motion, the Court entered a Discovery Confidentiality Order.  (Dkt. No. 14).  In opposition to Plaintiffs' motion, Defendant filed a Brief in Opposition (Dkt. No. 19-1) as well as the Supplemental Declaration of Richard Butts (Dkt. No. 19-2), and the Declaration of Mark D. Marino (Dkt. No. 19-3) with exhibits A-K attached thereto (Dkt. Nos. 19-4 to 19-14).  Defendant maintains that the aforementioned documents contain information that the Plaintiffs have designated as confidential as per the Court's Confidentiality Order, and thus must be filed under seal.[1]  Defendants seek to reserve their right to object to Plaintiffs' designation of the subject materials and/or seek de-designation of the materials as confidential at the appropriate time as dictated by the Confidentiality Order and the Court.

---

[1] The Confidentiality Order provides that parties may designate as "Confidential" discovery involving, *inter alia*, trade secrets and confidential business information.  (Dkt. No. 14, ¶1).  The parties may designate as "Attorney's Eyes Only" highly sensitive business information "likely to cause significant harm to an individual or to the business or competitive position of the designating party."" (*Id.*, ¶2.)  All requests to seal documents must comply with L. Civ. R. 5.3.  (*Id.*, ¶9.)  Importantly, "[n]o information that is in the public domain" shall be deemed or considered to be confidential material under the DCO. (*Id.*, ¶13)

## II.   <u>LEGAL STANDARD</u>

Local Civil Rule 5.3 governs requests to seal documents filed with the Court.  A party seeking to seal documents must describe (a) the nature of the materials at issue; (b) the legitimate private or public interests which warrant the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; and (d) why a less restrictive alternative to the relief sought is not available.  L. Civ. R. 5.3(C)(2).  The party moving to seal must also submit a proposed order that contains proposed findings of fact and conclusions of law.  *Id*.

It is well-established that there is a "common law public right of access to judicial proceedings and records."  *In re Cendant Corp.,* 260 F.3d 183, 192 (3d Cir. 2001).  The burden to overcome such a presumption is on the party seeking to seal a document.  *Pansy v. Borough of Stroudsburg,* 23 F.3d 772, 786 (3d Cir. 1994).  To overcome this presumption of public access, Defendant must demonstrate that "good cause" exists for the protection of the material at issue.  *Id*.  Good cause exists when a party makes a particularized showing that disclosure will cause a "clearly defined and serious injury to the party seeking closure."  *Id.*; *see Glenmede Trust Co. v. Thompson,* 56 F.3d 476, 483 (3d Cir. 1995). Good cause is not established where a party merely provides "broad allegations of harm, unsubstantiated by specific examples or articulated reasoning."  *Pansy,* 23 F.3d at 786 (quoting *Cipollone v. Liggett Group, Inc.,* 785 F.2d 1108, 1121 (3d Cir. 1986)).

## III.   <u>DISCUSSION</u>

Pursuant to the Confidentiality Order entered in this case, "all requests to seal documents filed with the Court shall comply with Local Civil Rule 5.3."  (Dkt. No 14, ¶10).  As a threshold matter, Defendant's motion to seal does not directly address any of the factors as explicitly required by Local Civil Rule 5.3, nor does Defendant submit the

required proposed findings of fact and conclusions of law.  Of particular note, Defendant does not explain why a less restrictive alternative is not available.

Upon review, the Court finds that, pursuant to the parties' Confidentiality Agreement, portions of the brief, declarations, and exhibits may warrant sealing.  The Court remains unconvinced, however, that the entirety of all three docket entries, consisting of over 300 pages of documents, requires sealing.[2]  It is the burden of the movant, not the Court, to demonstrate that an entire document should be sealed as opposed to redacted. That burden becomes especially relevant where, as here, the document entries span hundreds of pages.  Defendant cannot use the confidential nature of some documents to support a blanket assertion of confidentiality over every document submitted to the Court. The appropriate course of action is for Defendant to seek to redact the portions of the documents that actually reference confidential or proprietary information.

The Court finds that Defendant has failed to show that a less restrictive alternative to the relief sought is not available under L. Civ. R. 5.3(c)(2).  Accordingly, Defendant's motion to seal is **DENIED without prejudice**.[3]  Defendant is hereby instructed to meet and confer with Plaintiffs regarding the appropriate redactions to the documents at issue and file a renewed Motion to Seal that complies with Local Civil Rule 5.3(c) by **August 7,**

---

[2] For instance, some of the Exhibits are publicly available, such as articles from American Health Lawyer's Association and HealthCare Appraiser's Inc, and thus sealing these documents would be inappropriate.  *See* Marino Decl., Exh. A; Marino Decl., Exh. B.

[3] Courts have denied motions to seal on this ground.  *See, e.g.*, *Huertas v. Galaxy Asset Mgmt.*, No. 09-2604, 2010 U.S. Dist. LEXIS 21325, at *8 (D.N.J. Mar. 9, 2010) (denying a motion to seal because party failed to explain why a less restrictive alternative was unavailable); *Avaya Inc. v. Telecom Labs, Inc.,* No. 06-2490, 2012 U.S. Dist. LEXIS 93686, at *8-9 (D.N.J. July 6, 2012) ("[R]edaction is preferable to sealing a document wholesale."); *Houston v. Houston*, 2010 U.S. Dist. LEXIS 59028, at *2 (D.N.J. June 14, 2010) (denying a motion to seal where defendant failed to explain why "privacy needs could not be equally well served by sealing more narrowly tailored portions of the transcript and motion papers.").

**2015**.  The parties are encouraged to propose a less restrictive alternative to wholly sealing the documents.  If the motion is not timely filed, the Clerk of the Court is directed to unseal the documents that are the subject of this motion.  The Court will leave Dkt. Nos. 19-1 to 19-14 temporarily sealed, pending this Court's review and consideration of Defendant's renewed motion.

### IV. CONCLUSION

For the foregoing reasons, Defendant's motion to seal (Dkt. No. 15) is **DENIED without prejudice.**

**Dated**: July 17, 2015

s/James B. Clark, III
**JAMES B. CLARK, III**
**United States Magistrate Judge**